# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Glynndeavin von Fox,** ) | **Case No. 2:16-cv-179-RMG-MGB** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Medical University of South Carolina,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____ ) | |

Pending is the *pro se* Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" ("IFP"). (DE# 3). In the seventh of many civil actions filed recently in this Court,[1] Plaintiff sues the Medical University of South Carolina, attempting (in his own words) to bring claims of "malpractice, Refusal of Service, and HIPPA Violations." (DE# 1 at 4). Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge.[2] Upon review, the Magistrate Judge recommends that the Plaintiff's motion to proceed IFP be **denied** and that the case be **summarily dismissed** for the following reasons:

## I. Relevant Law

### A. Liberal Construction

---

[1] See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16-cv-394.

[2] The Fourth Circuit Court of Appeals recently held that an order denying leave to proceed IFP is the "functional equivalent" of a dismissal, and thus, is outside the scope of a magistrate's authority. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished).

This Court is required to liberally construe *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). ). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Applications to Proceed IFP

A plaintiff may pursue a civil action in federal court without paying the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Adkins*, 335 U.S. at 339. If a court determines at any time that the allegation of poverty in an IFP application is not true, then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *and see, e.g., Justice v. Granville Cty. Bd. of Educ.,* 2012 WL 1801949 (E.D.N.C. May 17, 2012) ("dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue"), *affirmed by*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert.*

*denied*, 133 S.Ct. 1657 (2013); *Berry v. Locke*, 2009 WL 1587315, *5 (E.D.Va. June 5, 2009) ("Even if Berry's misstatements were made in good faith, her case is subject to dismissal because her allegation of poverty was untrue"), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009). Prior to statutory amendment in 1996, courts had discretion to dismiss a case if it determined that an allegation of poverty was untrue. *See Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The 1996 amendment changed the words "may dismiss" to "shall dismiss." Mandatory dismissal is now the majority view, and district courts in the Fourth Circuit have adhered to the majority view. *See, e.g., Justice*, 2012 WL 1801949, *6 n.5; *Staten v. Tekelec*, 2011 WL 2358221, *1 (E.D.N.C. June 9, 2011); *Berry*, 2009 WL 1587315, *5.

## II. Discussion

### A. IFP Not Warranted

In his IFP motion dated January 12, 2016, Plaintiff indicates that he is employed by "Fox Consulting Firm" and that his "take-home pay or wages" are $1,200.00 monthly. (DE# 3, ¶ 2). On the printed form, he checks boxes indicating that in the past 12 months, he has received income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (d) disability or worker's compensation payments; and (e) gifts or inheritances. (*Id*. ¶ 3). He did not check boxes (c) and (f). Plaintiff explains that the amount he received for (a) was $50.00; (b) $1,200.00; (d) $1,200.00; and (e) $500.00. (*Id*.). He indicates that as of January 10, 2016, he had $800.00 in his bank account. (*Id*. ¶ 4). [3] Plaintiff also indicates he has assets valued at $140,000.00.

---

[3] In the many cases filed by Plaintiff in this Court so far in 2016, his different IFP motions indicate bank account balances between $1,000.00 and $300.00. The Court may properly take judicial notice of such records. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"). Additionally, the Court takes judicial notice of the fact that Plaintiff has filed numerous cases in the state courts, which have also denied him permission to proceed IFP and summarily dismissed the cases. *See, e.g.,* Charleston County Circuit Court Case Nos. 2016CP1000297; 2016CP1000320; 2016CP1000321; 2016CP1000322; 2016CP1000352; 2016CP1000515; 2016CP1000516.

(*Id*. ¶ 5).[4] Plaintiff indicates that he has no expenses for "housing, transportation, utilities, or loan payments, or other regular monthly expenses." (*Id.* ¶ 6). Plaintiff indicates he has no debts or other financial obligations. (*Id.* ¶ 8).

Plaintiff indicates he has monthly income of $1,200.00, assets of $140,000.00, and no debts, which indicates that he has the ability to pay the filing fee in this case (and other cases). *See Justice,* 2012 WL 1801949, *3 (denying IFP status where plaintiff indicated he owned real and personal property with a total value of $113,500.00 because "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case"). Based on the record presently before the Court, it appears that Plaintiff can pay the filing fee in this case. (*Id*. at *5, "the court does not agree that plaintiff is actually impoverished," thus denying IFP status and dismissing four civil lawsuits by the same *pro se* plaintiff). This case should therefore be dismissed. 28 U.S.C. § 1915(e)(2)(A); *see also Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir.2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Justice,* 2012 WL 1801949 at *6 n. 5.[5]

### B. The Complaint Fails to State a Claim and is Frivolous

The Complaint is also subject to dismissal on other grounds, including that it fails to state a claim for which relief may be granted and is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i, ii).[6] The

---

[4] In other IFP motions recently filed in this Court, Plaintiff indicates the $140,000.00 valuation is for "real estate and stocks." *See, e.g.,* D.S.C. Case No. 2:16-cv-181, DE# 3.

[5] When denying leave to proceed IFP, the dismissal may be with or without prejudice, in the court's discretion. See *Staten*, 2011 WL 2358221, *2 (indicating that dismissal with prejudice "for an untrue allegation of poverty … is appropriate only when the applicant intentionally misrepresented his … financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness"); *Berry*, 2009 WL 1587315, *5 (same, citing *Thomas*, 288 F.3d at 306-308); *In re Sekendur*, 144 F. App'x at 555 (7th Cir. 2005) ("a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion"). While Plaintiff appears "litigious," the record does not establish that Plaintiff "intentionally misrepresented his financial condition." Rather, the facts in his affidavit simply do not indicate that he is entitled to proceed IFP. Hence, dismissal without prejudice may be appropriate.

[6] The United States Supreme Court has observed that courts possess the inherent authority to dismiss a frivolous case, even in cases where a plaintiff has paid the filing fee. *Mallard v. U.S. District Court*, 490 U.S. 296, 307-308 (1989).

United States Supreme Court has explained that a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S 319, 326 (1989); *McLean v. United States*, 566 F.3d 391 (4th Cir. 2009).

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.*" Neitzke*, 490 U.S at 325. A claim based on a meritless legal theory (such as "claims of infringement of a legal interest which clearly does not exist") or clearly baseless factual contentions (such as "claims describing fantastic or delusional scenarios") may be dismissed *sua sponte* "at any time." *Id.* at 327-328; 28 U.S.C. §1915(e)(2)(B).

The Complaint's allegations are incoherent and nonsensical, and can be described as the "ramblings of a troubled mind." *See, e.g., Arledge v. Hall,* 2006 WL 1518915, *1 (S.D.Ga. May 31, 2006) (observing that the plaintiff's allegations "are clearly the product of a troubled mind that is … having difficulty grappling with reality"). Plaintiff's allegations, even when liberally construed, do not state any plausible claims and also lack an arguable basis either in law or in fact. For example, Plaintiff complains that his name was misspelled on some correspondence and then alleges in rambling fashion that MUSC has therefore "harassed me from the records department concerning my name in Japanese on the envelope as 'Bon Fox,' which is a reference to the Bon Festival in Japan nationwide to celebrate the Emperor of Japan and Kitsune (The Shinto God of Messengers, similar to Hermes in Greek Pagan Mythology that is no longer practiced as a religion, just academically through the Classic discipline." (DE# 1 at 8, punctuation as in original).

Plaintiff further alleges:

Page **5** of **9**

> Still at this time as in every change of doctor, I have human confirmation (NYPD shield #2693 [Handwriting is sloppy on report for name.], NY/NJ Port Authority shield 2296 [Handwriting is sloppy on report for name.], US Immigration and Naturalization Service, US Airways, Stepfather, Mother, Son, Grandmother, Charleston Police Department, ASU professors with a 3.4 GPA, and the Chief of the Waccammaw Indian Tribe of South Carolina.) that I am not acting unusual at all. However, the whole time from Dr. Jenna Steele to the present doctor Dr. Lisa Boyar, I am in constant argument with Endocrinology and the psychiatrists ….

(DE# 1 at 5, as in original). He further alleges that:

> The issue of the HIPPA violation is when Dr. Lisa Boyar received a phone call from my attorney at the time Cameron Blazer, Esq. about some carbon copy emails and letters that she received when I was conducting business with a couple of state recognized Native American entities for assistance with 25 C.F.R. § Part 83 with the Bureau of Indian Affairs (BIA), religious figures, foreign countries, monarchial elements, and US Senators and Representatives (Sen. Lindsay Graham and Rep. Jim Clyburn). These were normal letters, and I do not see the emergency in the issue with these letters that Cameron Blazer, Esq. claims….

(*Id*. at 6). Plaintiff cites no statute or other federal law that would provide a basis for federal question jurisdiction, nor does he allege any facts that could be reasonably construed as setting forth a plausible claim of any kind.

Although Plaintiff refers to violation of the Health Insurance Portability and Accountability Act ("HIPAA"), it is well-settled that such statute provides no private right action. *See, e.g., Yarborough v. King,* 2011 WL 5238920, *5 (D.S.C. October 3, 2011), *adopted by* 2011 WL 5151757 (D.S.C., Oct. 31, 2011) (summarily dismissing complaint for failure to state a claim); *Mallgren v. Burkholder*, 52 F.Supp.3d 490 (E.D.N.Y. Oct. 8, 2014) (same). HIPAA regulations are enforceable by the Secretary of Health and Human Services, and do not provide a private cause of action to individuals. 42 U.S.C. § 1320d–6(a)(2).[7]

---

[7] HIPAA regulations provide a process for persons to request amendments of records. 45 C.F.R. § 164.526(b)-(d).

To the extent Plaintiff's claims could be construed as attempting to allege a claim under 42 U.S.C. § 1983, MUSC is not a "person" subject to suit under §1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Moreover, Congress has not abrogated the states' sovereign immunity under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 343 (1979); *In re Sec. of Dep't of Crime Control and Public Safety*, 7 F.3d 1140, 1149 (4th Cir.1993) ("it has long been settled that 42 U.S.C. § 1983 ... does not effect ... abrogation" of state immunity under the Eleventh Amendment); *Huang v. Bd. of Gov. of Univ. of N.C.*, 902 F.2d 1134, 1138–39 (4th Cir.1990). South Carolina has not consented to suit in federal district court. S.C.Code Ann § 15–78–20(e).

Plaintiff is attempting to sue an arm of the State of South Carolina, which is protected from suit by the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) (an unconsenting State is immune from suits brought in federal courts by her own citizens). Such immunity extends to arms of the state, including a state's agencies and instrumentalities. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *and see*, *Davis v. Wilson*, Case No. 9:13-cv-382-GRA-BHH, 2013 WL 1282024, *3 (D.S.C.), *adopted by* 2013 WL 1281931 (D.S.C., Mar. 27, 2013), *affirmed by* 539 F.App'x 145 (4th Cir.(S.C.), Sep. 4, 2013), *cert. denied*, 134 S.Ct. 940 (2014). This Court has explained that:

> The University is an arm of the State of South Carolina. *See Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255 (4th Cir.2005) ("Numerous courts have decided whether public state universities are 'arms of the state.' Almost universally, the answer has been in the affirmative."); *Martin v. Clemson University*, [654 F.Supp.2d 410] C/A No. 8:08–354–GRA, 2009 WL 2782182 (D.S.C. Aug. 28, 2009)…; *Johnson v. South Carolina State Univ.*, C/A No. 5:09–1421–MBS, 2009 WL 1834488 (D.S.C. June 24, 2009) … ; S.C.Code Ann. § 59–101–10 (legislatively creating the University of South Carolina and other State colleges and universities); S.C.Code Ann. § 59–107–10 (including the University of South Carolina in the definition of "state institution").

*DeCecco v. Univ. of South Carolina,* Case No. 3:11–cv–2300–CMC, 918 F.Supp.2d 471 (D.S.C Jan. 16, 2013), quoting *Greer v. Univ. of South Carolina*, 2012 WL 405773, *4 (D.S.C), *adopted by* 2012 WL 405727 (D.S.C.2012); *see also Kendley v. Univ. of South Carolina*, Case No. 3:09–786–CMC–PJG, 2009 WL 5194997, *2-3 (D.S.C.2009). The Medical University of South Carolina is entitled to Eleventh Amendment immunity from suit. *See, e.g., Peltier v. Metts*, Case No. 2:09–44–DCN–RSC, 2009 WL 6593943, *3 (D.S.C. Jan.12, 2009) (summarily dismissing the Medical University of South Carolina), *adopted by* 2009 WL 6593938 (D.S.C. Jan.28, 2009), *aff'd* 329 F. App'x 396 (4th Cir.2009); *Beryl Ming Yu You v. Tolley*, Case No. 2:13–cv–1683-DCN, 2014 WL 3881039 (D.S.C. Aug. 6, 2014), *affirmed by* 588 F.App'x 291 (4th Cir. Dec. 22, 2014).

Even liberally construing Plaintiff's Complaint, and taking any nonconlusory allegations as true, this case is subject to summary dismissal. *See, e.g., Cabbil v. United States*, Case No. 1:14-cv-04122-JMC-PJG, 2015 WL 6905072, *1 (summarily dismissing without prejudice on multiple grounds, including that Plaintiff was not entitled to proceed IFP, and that the allegations of the Complaint were legally and factually frivolous); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C. Sept. 5, 2013) (dismissing case on multiple grounds, including that Plaintiff was not entitled to proceed IFP, and that the allegations of the Complaint were frivolous and failed to state a claim for relief).

Finally, the relief the *pro se* Plaintiff seeks would not be available or appropriate. In the Complaint, he indicates that:

> I would like the court to prosecute those at MUSC that are found at fault for the misdiagnosis based on the Japanese doctor in Tokyo, Japan, the use of medication in a manner that was damaging to my bodies (sic) A1C, which could have caused a heart attack or a manner of death. If awarded in favor of myself, I would like the amount of 20 million USD in a JP Morgan wealth management account, or equal beachfront real estate in Malibu, California.

(DE# 1 at 10, "What Do I Want the Court to Do").

## III. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" (DE# 3) be **denied**, and that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 12, 2016
Charleston, South Carolina

The plaintiff's attention is directed to the *__Important Notice__* on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).