IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2016 FEB 19 A 8: 16

| | |
|---|---|
| Glynndeavin von Fox, ) | Civil Action No. 2:16-179-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Medical University of South Carolina, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (Dkt. No. 7), recommending denial of Plaintiff's motion for leave to proceed *in forma pauperis* and dismissal of this case. For the reasons given below, the Court adopts the Report and Recommendation as the Order of this Court and dismisses this action without prejudice.

I. **Background**

This is one of seventeen actions filed in the period from January 25, 2016 to February 9, 2016 by Glynndeavin von Fox against various universities, government entities, law firms, hotels, and against a foreign country. In each action, Mr. von Fox has moved for leave to proceed *in forma pauperis*. On February 12, 2016, this Court denied Mr. von Fox's motion for leave to proceed in forma pauperis and directed the Clerk not to accept any new complaint filings without proper payment of required fees. Order, *Von Fox v. S.C. Judicial Dep't*, Civ. No. 2:16-209 (D.S.C. Feb. 12, 2016). The present action was initiated on January 12, 2016. The Magistrate Judge filed a Report and Recommendation on February 12, 2016, and Mr. von Fox filed objections to the Report and Recommendation on February 17, 2016.

-1-

## II. <u>Legal Standard</u>

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## III. <u>Discussion</u>

Plaintiff asserts in his motion for leave to proceed *in forma pauperis* that he has a monthly income of $1,200 per month, no regular monthly expenses whatsoever, and assets valued at $140,000. The Court agrees with the Magistrate Judge's finding that Plaintiff's motion manifestly show an ability to pay the filing fee in this case. As the Court stated in dismissing another of Mr. von Fox's many recent actions, leave to proceed *in forma pauperis* is not granted for the purpose of enabling persons to file as many lawsuits as they please by removing the economic cost of initiating a lawsuit. Order, *Von Fox*, Civ. No. 2:16-209. The Court therefore denies the motion for leave to proceed *in forma pauperis* and dismisses the Complaint without prejudice. *See* 28

U.S.C. § 1915(e)(2)(A) ("[T]he court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue . . . .").

Dismissal is also required when the Court determines that an action is "frivolous," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Such complaints are dismissed without prejudice. *Nagy v. FMC Butner*, 376 F.3d 252, 258 (4th Cir. 2004) ("We do not think, however, that Congress intended a dismissal under § 1915(e)(2)(B)(i) of the in forma pauperis statute to operate as a dismissal with prejudice.").

The Magistrate Judge found, as independent and sufficient grounds for dismissal, that the Complaint is frivolous, that it fails to state a claim for which relief may be granted, and that it seeks monetary relief from an immune entity. "The Complaint's allegations are largely incoherent and can be described as the 'the ramblings of a troubled mind' . . . 'having difficulty grappling with reality.'" (R. & R. 5 (quoting *Arledge v. Hall*, 2006 WL 1518915, *1 (S.D. Ga. May 31, 2006). The Court agrees. The Complaint fails to allege facts supporting any sort of claim. In the section of the *pro se* complaint form entitled, "What I Would Like the Court to Do," Plaintiff responds, "I would like the court to prosecute those at MUSC that are found at fault for the misdiagnosis based on the Japanese doctor in Tokyo, Japan, the use of medication in a manner that was damaging to my bodies A1C, which could have caused a heart attack or a manner of death." (Dkt. No. 1.) Plaintiff asks for $20 million in a JP Morgan wealth management account or beachfront real estate in Malibu, California worth $20 million, as relief against the State of South Carolina, which is immune under the Eleventh Amendment. (*Id.*) The Complaint is frivolous, it fails to state a claim for relief, and it seeks monetary relief from an immune defendant.

-4-

Plaintiff's objections are likewise incoherent ramblings. (*See, e.g.*, Dkt. No. 9 at 2 ("I do believe that attempting to poison someone through medication with a second opinion by a doctor in the same hospital consulting to take a patient off of the medication is not a non-reality towards my life, liberty, or pursuit of happiness clause in the Declaration of Independence. Also, the allowance of a document, that is attached, from Japan, to be used in a United State of America area is a conflicting approach given the United States Supreme Court (SCOTUS) stance on foreign judgments."). (no document was attached).) wenty-first century to do such human intelligence in a situation with state agency representatives and a uniform police officer.").) He does attempt to claim the Supreme Court's decision in *Ex Parte Young*, 209 U.S. 123 (1908) allows his suit to proceed despite South Carolina's Eleventh Amendment immunity. Plaintiff seeks no injunctive relief. And, as the Magistrate Judge found, Plaintiff does not allege any facts suggesting any constitutional violation.

Therefore, the Court **ADOPTS** the Report and Recommendation as the Order of this Court, Plaintiff's motion for leave to proceed *in forma pauperis* is **DENIED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 19, 2016
Charleston, South Carolina